(38 Misc. Rep. 801.)

### KNOX v. WARD et al.

(City Court of New York, General Term. June, 1902.)

**1. VERDICT—SETTING ASIDE—REVIEW ON APPEAL.**

On an issue whether news dealers were to be charged with all papers delivered, with the privilege of returning the unsold ones, as claimed by plaintiff, or whether they were to pay only for those which they sold, and were not to be required to return the unsold ones, as claimed by defendants, there was a direct conflict of testimony. A letter by the seller to the dealers expressed his "belief that you agreed to pay us three cents a copy for such copies as were sold," etc. It appeared that the sellers were so anxious to introduce the paper that for an indefinite period antedating the contract they had furnished a number of copies gratis, the only stipulation being that they were to be retailed at a certain price. The jury found for plaintiff. *Held*, that the action of the trial court in setting aside their verdict would not be disturbed on appeal.

Appeal from special term.

Action by James L. Knox against Artemas Ward and another. Verdict for plaintiff, and from an order setting the same aside, and granting a new trial, plaintiff appeals. Affirmed.

Argued before DELEHANTY and O'DWYER, JJ.

James Armstrong, for appellant.
Seth Sprague Terry, for respondents.

DELEHANTY, J. The order appealed from assigns as reason for setting aside the verdict herein that it is contrary to the evidence and for excessive damages. The action was to recover the sum of $397.50, being for 13,250 copies of the Boston News Bureau, a paper published by plaintiff's assignor. The issue litigated was as to the terms of the oral contract of sale, and the sole question of fact submitted to the jury was whether, as claimed by plaintiff, the defendants were chargeable with all the copies delivered them, with privilege to return the unsold ones, if any, or whether the agreement was, as asserted by defendants, to pay only for such papers as they sold, and not required to return unsold copies. Upon this issue there was a direct conflict of testimony, represented by a witness on each side. A letter was put in evidence by defendants, signed by plaintiff, and addressed to defendants, which was duly received by them shortly after the making of the contract in question, the material part of which is as follows: "I also assume that I was correct in my belief that you agreed to pay us three cents a copy for

such copies as were sold at the Elevated stands on and after Monday, October 5th." The defendants conceded there was due plaintiff $13.56, but the jury found a verdict for the full amount claimed, which was set aside for the reasons stated.

It is unnecessary to critically analyze the testimony herein for the purpose of determining the weight to be attached to any portion thereof, because we agree with the trial justice that the inherent probabilities are against the plaintiff. So anxious was he to introduce his paper, that for an indefinite period antedating the contract in question he furnished daily to defendants a number of copies gratis, the only stipulation being that they were to retail them at a certain price. Plaintiff's letter bears out the theory of defendants' version of the agreement, and the conclusion reached by the trial justice commends itself to our approval as proper under the circumstances. As was said in Ferguson v. Gill, 74 Hun, 568, 26 N. Y. Supp. 596:

"In passing upon a motion of this character, it must be remembered that the trial judge has had the advantage of seeing the witnesses, hearing their testimony, noting their manner, and of becoming impressed with the weight to be attached to evidence offered, which it is impossible to have photographed upon the record on appeal. And in a case where he becomes impressed with the preponderance in favor of either side, or thinks that injustice has been done by the verdict, it is a proper exercise of the power vested in him to set aside such a verdict."

We conclude, therefore, that there has not been an abuse of judicial discretion herein, and it follows that the order appealed from must be affirmed, with costs and disbursements.

Order affirmed, with costs.

O'DWYER, J., concurs.